# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BARBARA GRACEY,

    Plaintiff,

v.                                    Case No. 12-12379

ONEWEST BANK, FSB,

    Defendant.

                                    /

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Barbara Gracey initiated this quiet title action in Macomb County Circuit Court. Defendant Defendant OneWest Bank, FSB timely removed on the basis of diversity of citizenship, and filed a motion for summary judgment.[1] The court scheduled a hearing on the motion for August 8, 2012, and Plaintiff's response in opposition was due on July 9, 2012. *See* E.D. Mich. LR 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."). No response was filed, and the court deems the motion unopposed. The court determines that a motion hearing is not necessary for the disposition of this matter. *See id.* 7.1(f)(2). Because Plaintiff has failed to contest the matter, and the motion is well-founded in fact and law, the court will grant Defendant's motion.

---

[1]The motion is entitled "Motion for Summary Judgment/Dismissal," and cites Federal Rules of Civil Procedure 12(b)(6) as well as 56. Because the motion relies on matters outside the pleadings, is entitled "summary judgment," and cites to Rule 56, the court finds Plaintiff had sufficient notice that the motion would be treated under Rule 56.

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter,* 369 F.3d 906, 909 (2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The uncontested facts of this matter reflect that Plaintiff is the former owner of the property located at 25136 Curie Ave., in Warren, Michigan ("Subject Property"). Plaintiff received a mortgage, which was subsequently defaulted upon, and a foreclosure was initiated. The sheriff's sale occurred on February 16, 2012, and recorded with the Macomb County Register of Deeds. Defendant has pointed to an absence of evidence that Plaintiff is entitled relief on any of the claims asserted in her complaint. Plaintiff, in return, has failed to provide any evidence or legal support to even suggest she may modify her mortgage, or to call into question the validity of the foreclosure or sheriff's sale. Nor has she provided any evidence that Defendant was unjustly enriched or that Defendant breached any implied agreement to modify her mortgage. Moreover, Plaintiff has not rebutted Defendant's arguments that she inappropriately brought a claim under Mich. Comp. Laws § 600.3205a or that her claims are barred by the statute of frauds and judicial estoppel. Defendant has more than carried its burden of demonstrating entitlement to summary judgment.

When a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show the movant is entitled to it." Fed. R. Civ. P. 56(e). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* 56(a). Because Plaintiff has wholly failed to contest Defendant's factually supported and legally sound motion, Defendant's motion will be granted.

IT IS ORDERED that the August 8, 2012 motion hearing is CANCELED and

Defendant's motion for summary judgment [Dkt. # 2] is GRANTED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 7, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 7, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522